United States District Court
Southern District of Texas
**ENTERED**
August 29, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| v.  § | CRIMINAL ACTION NO. H-10-735-1 |
| § § § | |
| EDWARD JORODGE GLADNEY § | |

## MEMORANDUM AND OPINION

Edward Gladney was convicted in March 2012 after pleading guilty to a 2010 indictment charging him with producing, distributing, and advertising child pornography. He was sentenced to a 360-month prison term in October 2012. The charges arose from an investigation that revealed that Gladney had sexually abused a child, beginning when the victim was 9 until he was 17, and had taken photos and videos of the abuse. Gladney entered into a written plea agreement, stipulating to the factual basis of the written plea agreement.

After an unsuccessful appeal and three unsuccessful collateral challenges under 28 U.S.C. § 2255, Gladney has filed what he frames as a Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) and a Motion To Reopen Case In the Sole Interest of Justice. (Docket Entries Nos. 153, 155). He has also filed a Motion to Appoint Counsel for his Rule 60(b)(6) motion. (Docket Entry No. 157).

In his first § 2255 motion, filed in March 2014, Gladney argued ineffective assistance of counsel. (Docket Entry Nos. 97, 98). His reasons for alleging ineffective assistance included failing to move to recuse the trial judge because she "authored children's books." He also alleged that he should not have been allowed to plead guilty because he had diminished mental capacity, and that his attorneys wrongly advised him to plead guilty. He also alleged that his attorneys failed to object to his sentence, to offer mitigating evidence at sentencing, and failed to object to various

sentencing enhancements. These are the same grounds raised in Gladney's pending motion under Rule 60(b)(6). The court denied Gladney's first § 2255 motion. (Docket Entry Nos. 110, 114).

Gladney' s second § 2255 motion, which he styled as a "Petition for Writ of Audita Querela," was filed in December 2019. In this motion, Gladney argued that he had been coerced by the child victim into committing the crimes alleged, and that he therefore lacked the necessary mens rea. (Docket Entry No. 120). That motion was denied. (Docket Entry No. 123).

Gladney's third § 2255 motion was filed in September 2020. (Docket Entry No. 141). Gladney filed this motion as a "common law man under inherent jurisdiction" who, as a "sovereign individual," answered only to God and therefore could not be convicted and imprisoned in a court. (*Id.*). This motion was denied. (Docket Entry No. 147).

Gladney's pending motion for relief under Rule 60(b)(6) alleges again that the trial judge was biased and should have recused because the judge wrote books for children of incarcerated parents. He also raised again his claim that his sentence was overly harsh and that the judge's refusal to depart based on his childhood sexual abuse and diminished mental capacity evidenced bias. He raised again his claim that his diminished mental capacity because of his history of abuse, deviant behaviors, and serious mental impairments were not taken into account in his sentencing. (Docket Entry Nos. 153, 154). Gladney's pending motion to reopen similarly attacks the trial judge's impartiality and accuses the judge of bias. (Docket Entry No. 155).

Rule 60, Grounds for Relief from a Final Judgment, Order, or Proceeding, states in section (b) that: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Only subsection (b)(6) applies; the others are inapplicable or clearly time-barred. Although Rule 60(b)(6) motions may be filed within a "reasonable time," Gladney was convicted and sentenced a decade ago. More importantly, Gladney's Rule 60(b)(6) motion is clearly a fourth and successive § 2255 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court addressed a related restriction under 28 U.S.C. 2244(b) on "second or successive" habeas petitions seeking to vacate state-court criminal judgments. *See* 28 U.S.C. § 2255(h) (cross-referencing Section 2244). The Court held that a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b) will be considered a "second or successive" habeas petition under § 2244(b) if it contains one or more "claims," that is, "an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530–31. The Court held that a Rule 60(b) motion will be treated as a "second or successive" habeas petition if it asserts "a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Id*. at 532 & n.4 (emphasis omitted). In contrast, the Court held, if a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," such as fraud on the court or a misapplication of the statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), it will not be deemed a "second or successive" habeas petition. *Id*. at 532; *see id*. at 532 n.5, 533. *See also*, *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010).

Although Gladney argues that the trial judge's failure to recuse and the harsh sentence she imposed, and the judge's subsequent denials of his § 2255 motions, are "defects in the integrity of

the federal habeas proceedings," it is clear that he challenges the "substance of the federal court's resolution of [his] claim[s] on the merits." 545 U.S. at 532. Gladney is not entitled to proceed in this court on his motion to reopen or for relief under Rule 60(b)(6) unless, and until, he has sought and obtained permission to pursue the relief he requests from the United States Court of Appeals for the Fifth Circuit.

Because his current motions for relief from his judgment are clearly a fourth and successive effort to obtain relief under 28 U.S.C. § 2255, and because he has not sought or obtained permission from the United States Court of Appeals to file this motion, this court lacks jurisdiction. His motions under Rule 60(b)(6) and to reopen are dismissed, without prejudice to seeking permission from the Fifth Circuit. His motion for appointment of counsel is denied as moot.

A petitioner must obtain a certificate of appealability before appealing the denial of a Rule 60(b) motion. *See Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *Fratta v. Lumpkin*, No. 20-30010, 2022 WL 44576, at *1–2 (5th Cir. 2022) (per curiam); *United States v. Jiminez-Garcia*, 951 F.3d 704, 705 (5th Cir. 2020) (per curiam). A petitioner may obtain "[a] certificate of appealability . . . only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Because Gladney has not made the requisite showing, no certificate of appealability will issue.

SIGNED on August 29, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge